UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. HUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. BEARD, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-0523 CSK P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.  SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

1  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
3  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
4  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
5  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

   The Civil Rights Act

7  To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal
8  constitutional or statutory right; and (2) that the violation was committed by a person acting under
9  the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d
10 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
11 facts establish the defendant's personal involvement in the constitutional deprivation or a causal
12 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
13 See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44
14 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
15 for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679
16 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the
17 violation of the prisoner's constitutional rights can be established in a number of ways, including
18 by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,
19 or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,
20 1208 (9th Cir. 2011).

21 II.     PLAINTIFF'S COMPLAINT

22 In his first claim, plaintiff challenges the issuance of an allegedly false rules violation
23 report ("RVR") against plaintiff.  (ECF No. 1 at 3.)  Plaintiff alleges that defendant Beard
24 snatched a piece of paper out of plaintiff's hand while plaintiff was signing in for work duty, and
25 then defendant Beard accused plaintiff of calling Beard a derogatory name and wrote the false
26 RVR against plaintiff.  As a result, plaintiff claims he sustained serious mental disorders and
27 extreme mental distress, and suffered severe headaches and lower back pain.  (Id.)
28 In his second claim, plaintiff alleges that at the RVR hearing, defendant Sgt. E. Dickson

did not allow plaintiff to explain and did not allow plaintiff to submit evidence in his defense. (Id. at 4.)  Defendant Sgt. E. Dickson found plaintiff guilty, and took away 30 days of phone privileges.  (Id.)  Plaintiff asserts he sustained serious mental disorders and extreme mental distress, and suffered severe headaches and lower back pain.  (Id.)

As to both claims, plaintiff states that as a result of the administrative appeals process, plaintiff is "satisfied the claim was granted and the RVR was dismissed."  (Id. at 3, 4.)  Plaintiff seeks unspecified equitable relief and money damages.

III.    DISCUSSION

A.    False Rules Violation Report

The filing of a false rules violation report ("RVR") by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights.  See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), aff'd 453 F. App'x 751 (9th Cir. 2011); Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), aff'd 393 F. App'x 488 (9th Cir. 2010).  Thus, even assuming that the RVR filed by defendant Beard was false, it does not state a stand alone constitutional claim.  Canovas v. California Dept. of Corrections, 2014 WL 5699750, at *3, n.2 (E.D. Cal. 2014).  Accordingly, plaintiff fails to state a claim under § 1983 against defendant Beard.

B.    Due Process Violation

The filing of a false disciplinary action against a prisoner is not a per se civil rights violation, but there are two ways that allegations that a prisoner has been subjected to a false RVR may potentially state a cognizable civil rights claim.  The first is when the prisoner alleges

4

1  that the false report was made in retaliation for the exercise of a constitutionally-protected right
2  under the First Amendment.  See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim
3  must rest on proof that defendant filed disciplinary action in retaliation for prisoner's exercise of
4  his constitutional rights and that the retaliatory action advanced no legitimate penological
5  interest).  The second is when the prisoner is not afforded the procedural due process required by
6  the Due Process Clause of the Fourteenth Amendment in connection with the issuance and
7  hearing of disciplinary reports.  See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984)
8  (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to
9  state a cognizable civil rights claim where procedural due process protections are provided).  In
10 plaintiff's second claim, plaintiff asserts that defendant Sgt. E. Dickson violated plaintiff's due
11 process rights.[1]  (See ECF No. 1 at 4.)

12       However, allegations by a prisoner that he was denied due process in conjunction with a
13 disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation
14 suffered is one of "real substance" as defined in Sandin v. Conner, 515 U.S. 472, 483 (1995).
15 "Real substance" is generally limited to freedom from (1) restraint that imposes "atypical and
16 significant hardship on the prisoner in relation to the ordinary incidents of prison life," id. at 484,
17 or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.  In
18 determining whether a restraint is an "atypical and significant hardship," Sandin suggests that
19 courts should consider whether the challenged condition mirrored the conditions imposed on
20 prisoners in administrative segregation and protective custody, and thus comported with the
21 prison's discretionary authority; the duration of the condition; the degree of restraint imposed;
22 and whether the discipline will invariably affect the duration of the prisoner's sentence.  See
23 Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 861
24 (9th Cir. 2003).  Only in those cases where a sufficiently substantial liberty interest is at stake
25 must the court evaluate whether the process received comported with minimum procedural due

---

[1] Plaintiff also refers to the First and Eighth Amendments (ECF No. 1 at 4), but he includes no factual allegations supporting violations of those amendments.  Rather, his allegations all stem from defendant Sgt. E. Dickson's actions at the disciplinary hearing held on the false RVR issued by defendant Beard, which implicate the Due Process Clause of the Fourteenth Amendment.

process requirements. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotations omitted). If the Court answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for a Fourteenth Amendment violation.

In the instant case, the Court finds that the deprivation of phone privileges is a form of restriction that is ordinarily contemplated by the sentence imposed, and had no impact on the duration of plaintiff's confinement. "Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause." Chappell v. Mandeville, 706 F.3d 1052, 1064-65 (9th Cir. 2013) (citing Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (involuntary commitment to a mental institution); Washington v. Harper, 494 U.S. 210, 221-22 (1990) (forced administration of psychotropic drugs).) The Court finds that the temporary deprivation of phone privileges does not rise to the level of deprivation found to trigger due process protections in prior Ninth Circuit and Supreme Court opinions. See Wilkinson v. Austin, 545 U.S. 209 (2005) (potential transfer to a "supermax" facility triggered due process protections); Serrano, 345 F.3d at 1078 (two-month placement of a paraplegic prisoner in an administrative segregation unit which lacked disability access to the bed, toilet, or shower triggered due process protections); Brown v. Oregon Dept. of Corrs., 751 F.3d 983, 988 (9th Cir. 2014) (prisoner's twenty-seven month confinement in solitary confinement "without meaningful review" of his status triggered due process protections). Because the temporary deprivation of phone privileges for thirty days does not trigger due process protections as required under Sandin, plaintiff cannot claim a liberty interest under the Due Process Clause of the Fourteenth Amendment, and his second claim fails to state a cognizable due process claim.

Finally, in this case, plaintiff acknowledged that the administrative appeals process worked because plaintiff's administrative appeal was granted and the RVR was dismissed.

Therefore, plaintiff's second claim is dismissed for failure to state a due process claim.

IV.   LEAVE TO AMEND

Plaintiff's complaint fails to state a cognizable civil rights claim and must be dismissed. It does not appear that plaintiff can amend his complaint to state a cognizable civil rights claim, but in an abundance of caution, plaintiff is granted leave to file an amended complaint. In the

alternative, plaintiff may opt to voluntarily dismiss his case.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.   MOTION FOR APPOINTMENT OF COUNSEL

On March 24, 2025, plaintiff filed a motion for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

1 discretion in declining to appoint counsel). The burden of demonstrating exceptional
2 circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of
3 legal education and limited law library access, do not establish exceptional circumstances that
4 warrant a request for voluntary assistance of counsel.

5     Having considered the factors under Palmer, the Court finds that plaintiff has failed to
6 meet his burden of demonstrating exceptional circumstances warranting the appointment of
7 counsel at this time.

8     In accordance with the above, IT IS HEREBY ORDERED that:

9     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

10     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
11 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
12 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
13 Director of the California Department of Corrections and Rehabilitation filed concurrently
14 herewith.

15     3. Plaintiff's complaint is dismissed.

16     4. Within thirty days from the date of this order, plaintiff shall complete the attached
17 Notice of Election and submit the following documents to the court:

18         a. The completed Notice of Election; and

19         b. An original of the Amended Complaint if he chooses to amend.

20 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
21 Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must
22 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
23 Failure to file an amended complaint in accordance with this order may result in the dismissal of
24 this action.

25 ///
26 ///
27 ///
28 ///

5. Plaintiff's motion for the appointment of counsel (ECF No. 5) is denied without prejudice.

Dated: April 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hunt0523.14n

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. BEARD, et al.,<br><br>　　　　　Defendants. | No. 2:25-cv-0523 CSK P<br><br><br>NOTICE OF ELECTION |

　　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　　Amended Complaint

(Check this box if submitting an Amended Complaint)

☐　　Elect to voluntarily dismiss.

(Check this box if electing to voluntarily dismiss this case.)

DATED:

_____
Plaintiff