UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN D. HUNTER, | No.  2:25-cv-0523 CSK P |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| K. BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff seeks relief pursuant to 42 U.S.C.  § 1983.  On April 13, 2025, this Court dismissed plaintiff's original complaint and granted him leave to amend.  (ECF No. 9.)  Plaintiff's first amended complaint is now before the Court.  As discussed below, the Court recommends that the first amended complaint be dismissed without further leave to amend.

I.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

///

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.      THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

2

930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff names two correctional officers at California Medical Facility as defendants:  K. Beard and D. Ericson.  (ECF No. 12 at 2.)  In his first claim, plaintiff again challenges the issuance of an allegedly false rules violation report ("RVR") against plaintiff.  (ECF No. 12 at 3.) Plaintiff alleges that while he was signing in on the roster sheet, defendant Beard snatched the paper out of plaintiff's hand.  Defendant Beard then interfered with plaintiff's work at the canteen by calling two correctional officers over to tell plaintiff to return to the unit 2 floor, while plaintiff's other two co-workers continued work at the canteen.  (Id.)  Defendant Beard ordered plaintiff to stay on the 2 floor by himself.  (Id.)  Plaintiff told Sgt. C. Roberts about defendant Beard's inappropriate behavior, and Sgt. C. Roberts went to speak to defendant Beard.  Then defendant Beard told plaintiff "I am going write you up for calling my name."  (Id.)  Defendant Beard made false and misleading statements to Sgt. C. Roberts who wrote the false RVR against plaintiff.  As a result, plaintiff claims he sustained serious mental disorders and extreme mental distress, and suffered severe headaches and lower back pain.  (Id.)

In his second claim, plaintiff alleges that at the RVR hearing, defendant Sgt. D. Ericson did not allow plaintiff to explain and did not allow plaintiff to submit evidence in his defense.  (Id. at 4.)  Defendant Sgt. D. Ericson found plaintiff guilty, and took away 30 days of phone

3

privileges.  (Id.)  Plaintiff asserts he sustained serious mental disorders and extreme mental distress, and suffered severe headaches and lower back pain.  (Id.)

As to both claims, plaintiff states that as a result of the administrative appeals process, plaintiff is "satisfied the claim was granted and the RVR was dismissed."  (Id. at 3, 4.)  Plaintiff seeks unspecified equitable relief and money damages.

IV.     DISCUSSION

A.  False Rules Violation Report

The filing of a false rules violation report ("RVR") by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights.  See Muhammad v. Rubia, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), aff'd 453 F. App'x 751 (9th Cir. 2011); Harper v. Costa, 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), aff'd 393 F. App'x 488 (9th Cir. 2010).  Thus, even assuming that the RVR filed by defendant Beard was false, it does not state a stand alone constitutional claim.  See Canovas v. California Dept. of Corrections, 2014 WL 5699750, at *3, n.2 (E.D. Cal. 2014).  Accordingly, plaintiff fails to state a claim under § 1983 against defendant Beard.

B.  Due Process Violation

The filing of a false disciplinary action against a prisoner is not a per se civil rights violation, but there are two ways that allegations that a prisoner has been subjected to a false RVR may potentially state a cognizable civil rights claim.  The first is when the prisoner alleges that the false report was made in retaliation for the exercise of a constitutionally-protected right under the First Amendment.  See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim

4

must rest on proof that defendant filed disciplinary action in retaliation for prisoner's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest).  The second is when the prisoner is not afforded the procedural due process required by the Due Process Clause of the Fourteenth Amendment in connection with the issuance and hearing of disciplinary reports.  See Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).  In plaintiff's second claim, plaintiff asserts that defendant Sgt. D. Ericson violated plaintiff's due process rights.[1]  (See ECF No. 12 at 4.)  Plaintiff claims defendant Sgt. D. Ericson refused to look at plaintiff's documentary evidence.  (Id.)

However, allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim unless the deprivation suffered is one of "real substance" as defined in Sandin v. Conner, 515 U.S. 472, 483 (1995).  "Real substance" is generally limited to freedom from (1) restraint that imposes "atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.  In determining whether a restraint is an "atypical and significant hardship," Sandin suggests that courts should consider whether the challenged condition mirrored the conditions imposed on prisoners in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; the duration of the condition; the degree of restraint imposed; and whether the discipline will invariably affect the duration of the prisoner's sentence.  See Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003); Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).  Only in those cases where a sufficiently substantial liberty interest is at stake must the court evaluate whether the process received comported with minimum procedural due process requirements.  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (internal quotations

---

[1]  Plaintiff also cites the First and Eighth Amendments (ECF No. 12 at 4), but he includes no factual allegations supporting violations of those amendments.  Rather, his allegations all stem from defendant Sgt. D. Ericson's actions at the disciplinary hearing held on the false RVR issued by defendant Beard, which implicate the Due Process Clause of the Fourteenth Amendment.

5

omitted).  If the Court answers the first question in the negative, the plaintiff has failed to state a section 1983 claim for a Fourteenth Amendment violation.

In the instant case, the Court finds that the deprivation of phone privileges is a form of restriction that is ordinarily contemplated by the sentence imposed, and had no impact on the duration of plaintiff's confinement.  "Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause."  Chappell v. Mandeville, 706 F.3d 1052, 1064-65 (9th Cir. 2013) (citing Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (involuntary commitment to a mental institution); Washington v. Harper, 494 U.S. 210, 221-22 (1990) (forced administration of psychotropic drugs)).  The Court finds that the temporary deprivation of phone privileges does not rise to the level of deprivation found to trigger due process protections in prior Ninth Circuit and Supreme Court opinions.  See Wilkinson v. Austin, 545 U.S. 209 (2005) (potential transfer to a "supermax" facility triggered due process protections); Serrano, 345 F.3d at 1078 (two-month placement of a paraplegic prisoner in an administrative segregation unit which lacked disability access to the bed, toilet, or shower triggered due process protections); Brown v. Oregon Dept. of Corrs., 751 F.3d 983, 988 (9th Cir. 2014) (prisoner's twenty-seven month confinement in solitary confinement "without meaningful review" of his status triggered due process protections).  Because the temporary deprivation of phone privileges for thirty days does not trigger due process protections as required under Sandin, plaintiff cannot claim a liberty interest under the Due Process Clause of the Fourteenth Amendment, and his second claim fails to state a cognizable due process claim.

Finally, in this case, plaintiff acknowledged that the administrative appeals process worked because plaintiff's administrative appeal was granted and the RVR was dismissed.

Therefore, plaintiff's second claim is dismissed for failure to state a due process claim.

V.    LEAVE TO AMEND

A pro se litigant is ordinarily entitled to leave to amend a defective complaint so that he has an additional chance to state a proper claim for relief.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).  But that rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that plaintiff cannot cure the flaws in

6

his claims. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).  Here, giving plaintiff an additional opportunity to amend the current claims would be futile, as there are no additional facts plaintiff could add that would permit him to pursue an action challenging the facts alleged herein.  Therefore, the Court recommends that the action be dismissed without leave to amend.

VI.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hunt0523.56

7